IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CR-10-371-D |
| ) | (Case No. CIV-20-855-D) |
| DWAYNE D. MOTSENBOCKER, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 175]. With the Motion, Defendant has submitted a copy of a Tenth Circuit order authorizing him to file a second or successive § 2255 motion to challenge his conviction under 18 U.S.C. § 924(c) based on the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019). *See In re. Motsenbocker*, No. 20-6031 (10th Cir. Apr. 8, 2021) [Doc. No. 175-2].[1] The government has filed a response [Doc. No. 180] opposing the Motion, and Defendant has filed a reply brief [Doc. No. 190] supporting it. For reasons that follow, the Court finds that no hearing is needed and the Motion should be denied on the existing record.[2]

---

[1] The court of appeals found Defendant had made a sufficient showing to satisfy the gatekeeping requirements of § 2255(h)(2) because the Supreme Court announced a new rule of constitutional law in *Davis* that has been made retroactive to cases on collateral review; the court did not consider the merits of the proposed motion. *See* Order at 1-2.

[2] No evidentiary hearing is needed where the record conclusively shows the defendant is not entitled to relief. *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C. § 2255(b).

## Factual and Procedural History

Defendant stands convicted by a jury of three offenses in the Indictment: Count 1, bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(a) and (d); Count 2, using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); and Count 3, possessing a firearm after a previous felony conviction in violation of 18 U.S.C. § 922(g)(1). Defendant's criminal liability was based on aiding and abetting his codefendant, Leonard Etheridge, under 18 U.S.C. § 2(a). As to Count 3, Defendant was subject to an enhanced penalty under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), due to multiple prior convictions in Oklahoma County, Oklahoma, for robbery with a firearm. *See* Notice [Doc. No. 19]. The Court imposed a prison sentence of 288 months, consisting of two concurrent 204-month terms on Counts 1 and 3 and a consecutive 84-month term on Count 2. The court of appeals affirmed. *See United States v. Motsenbocker*, 528 F. App'x 832 (10th Cir. 2013) (unpublished).

In 2016, Defendant filed a § 2255 motion to vacate his sentence based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). He claimed that none of his state armed robbery convictions qualified as a "violent felony" under the ACCA in light of *Johnson*. The Court rejected this claim and denied the motion. *See* 4/12/17 Order [Doc. No. 169]. Defendant did not appeal.

## Defendant's Second Motion

In *Davis*, the Supreme Court extended the rule announced in *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to hold that a "crime of violence" as defined in 18 U.S.C. § 924(c)(3)(B), known as the residual clause, is unconstitutionally vague and cannot

2

support a conviction under § 924(c)(1)(A) of using a firearm in connection with a crime of violence. *See Davis*, 139 S. Ct. at 2336. The Court did not invalidate 18 U.S.C. § 924(c)(3)(A), known as the elements clause, which defines a crime of violence to mean a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[3] The court of appeals has determined that *Davis* may be applied retroactively to cases on collateral review and, as in this case, may support an order under 28 U.S.C. § 2244(b)(3) authorizing an applicant to bring a second or successive § 2255 motion. *See supra* note 1.

Defendant claims that *Davis* impacts his § 924(c) conviction under Count 2 of the Indictment because the predicate offense in Count 1 of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) is not categorically a crime of violence.[4] He argues that the federal offense of bank robbery "sweeps more broadly than the Elements Clause" of § 924(c)(3)(A) because the bank robbery statute, 18 U.S.C. § 2113(a), encompasses conduct that does not necessarily involve physical force. *See* Reply Br. at 4-5.[5]

---

[3] Thus, *Davis* does not affect a § 924(c) conviction of using a firearm during a "crime of violence" as defined by the elements clause. *See Davis*, 139 S. Ct. at 2325 (conviction on one § 924(c) count was sustained under elements clause).

[4] Because Defendant appears *pro se*, the Court liberally construes his arguments but does not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[5] Defendant makes arguments regarding other potential § 2255 claims that were not asserted in his Motion and fall outside the scope of the court of appeals' authorization to bring a second § 2255 motion. Therefore, those arguments are disregarded.

**Discussion**

Upon consideration, the Court finds that Defendant's arguments are foreclosed by Tenth Circuit precedent applying the categorical approach advocated by Defendant – which considers only the statutory definition of the offense – and finding that simple bank robbery, armed bank robbery, and aiding and abetting bank robbery are categorically crimes of violence under the elements clause. *See*, *e.g.*, *United States v. McCranie*, 889 F.3d 677, 681 (10th Cir. 2018) ("federal bank robbery convictions categorically qualify as crimes of violence" under the identical elements clause of USSG § 4B1.1); *United States v. Deiter*, 890 F.3d 1203, 1213-14 (10th Cir. 2018) (federal bank robbery and aiding and abetting federal bank robbery are violent felonies under the ACCA's elements clause); *United States v. Lloyd*, 741 F. App'x 570, 572-73 (10th Cir. 2018) (unpublished) (armed bank robbery necessarily threatens the use of physical force and satisfies § 924(c)(3)'s elements clause). *Lloyd* expressly rejects Defendant's arguments, and although not binding precedent, *Lloyd* is based on precedential authorities and is persuasive. Further, every appellate court to consider the issue has reached the same conclusion. *See*, *e.g.*, *King v. United States*, 965 F.3d 60, 70-71 (1st Cir. 2020) (simple bank robbery qualifies as crime of violence under § 924(c)(3)'s elements clause); *In re Sams*, 830 F.3d 1234, 1238-39 (11th Cir. 2016) (same); *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018) (armed bank robbery satisfies § 924(c)(3)'s elements clause); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) (same); *Johnson v. United States*, 774 F. App'x 334 (8th Cir. 2019) (unpublished) (aiding and abetting armed bank robbery satisfies elements clause).

## Conclusion

For these reasons, the Court finds that Defendant's claim under *Davis* – the sole claim authorized by the court of appeals – lacks merit. Defendant is not entitled to relief from his § 924(c) conviction based on *Davis*.

## Motion for Appointment of Counsel

With his reply brief, Defendant has filed a Motion for Appointment of Counsel [Doc. No. 189], pursuant to 18 U.S.C. § 3006A and the Rules Governing Section 2255 Proceedings. These authorities allow the appointment of counsel for a § 2255 movant, but require it only where "necessary for effective discovery" (Rule 6) or "[i]f an evidentiary hearing is warranted" (Rule 8). Neither circumstance is present here. As a matter of discretion, the Court declines to appoint counsel to assist Defendant in pursuing § 2255 relief. Upon consideration of the appropriate factors, the Court finds that Defendant is capable of presenting his claim and other circumstances do not warrant the appointment of counsel. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (stating factors to be considered); *see also Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented

are adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds that this standard is not met here.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 175] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel [Doc. No. 189] and a certificate of appealability are DENIED.

IT IS SO ORDERED this 2nd day of March, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge